Paul R. Kiesel, State Bar No. 119854
 *kiesel@kbla.com*
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:  310-854-4444
Fax:  310-854-0812

Paul O. Paradis, Esq.
 *pparadis@hhplawny.com*
Gina M. Tufaro, Esq.
 *gtufaro@hhplawny.com*
Mark A. Butler, Esq.
 *mbutler@hhplawny.com*
HORWITZ, HORWITZ, & PARADIS,
Attorneys at Law
570 7th Avenue, 20th Floor
New York, NY 10018
Tel:  212-986-4500
Fax:  212-986-4501

Attorneys for Plaintiff ADAM
OVERTON, individually and on behalf of
all others similarly situated

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

FILED
2012 AUG 31  AM 10: 27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM OVERTON, individually and on behalf of all others similarly situated, <br><br> **Plaintiff,** <br><br> v. <br><br> **CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation,** <br><br> **Defendant.** | Case No. **SACV12 - 1430 MMM (AGRx)** <br><br> **CLASS ACTION COMPLAINT** <br><br> **1. BREACH OF CONTRACT;** <br><br> **2. VIOLATION OF THE CALIFORNIA CIV. CODE §§ 1750 ET SEQ.;** <br><br> **3. VIOLATION OF CALIFORNIA BUS. & PROF. CODE §§ 17200 ET SEQ.;** <br><br> **4. VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17500;** <br><br> **5. UNJUST ENRICHMENT/ RESTITUTION;** <br><br> **6. BREACH OF IMPLIED-IN-LAW-CONTRACT.** <br><br> **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Adam Overton ("Plaintiff") individually and on behalf of all others similarly situated, by his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief as to all other matters. Plaintiff's information and belief are based upon the investigation conducted by counsel.

## NATURE OF THE ACTION

1.     Plaintiff brings this action individually and as a class action against Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant") on behalf of all persons who purchased in the State of California any good from Chipotle (the "Chipotle Rounded-Up Products") at any time from August 30, 2008, to the present (the "Class" and "Class Period," respectively).

2.     Chipotle develops and operates "fast-casual," fresh Mexican food restaurants in the United States.  Its restaurants offer a limited menu of burritos, tacos, burrito bowls, and salad made from fresh, high-quality raw ingredients. Chipotle claims that its vision is based upon selling "Food with Integrity," as Chipotle seeks to use not only fresh ingredients but also ingredients that are sustainably grown and naturally raised.

3.     Throughout the Class Period, Chipotle marketed and sold the Chipotle Rounded-Up Products to California consumers.

4.     However, and undisclosed to all Class members, Chipotle systematically and routinely overcharged all Class members by rounding-up their total bill to the nearest five cent increment.

5.     By rounding-up Plaintiff's and all Class members' bills to the nearest five cent increment for the Chipotle Rounded-Up Products, Chipotle overcharged Plaintiff and all Class members in the amount of such round-up and, in doing so, breached its contracts with Plaintiff and all Class members, violated the California Consumers Legal Remedies Act ("CLRA"), the California Unfair Competition Law ("UCL"), and the California False Advertising Law ("FAL").  Furthermore, Chipotle

1  unjustly enriched itself to the detriment of both Plaintiff and Class members and

2  breached its implied-in-law contracts with Plaintiff and Class members.

3

4  ## THE PARTIES

5  6.    Plaintiff Adam Overton is a citizen of the State of California.   On

6  information and belief, Plaintiff purchased a Chipotle Rounded-Up Product during

7  the Class Period in the State of California.

8  7.    Chipotle is a Delaware corporation headquartered at 1401 Wynkoop

9  Street, Suite 500 Denver, CO. Throughout the Class Period, Chipotle has advertised,

10  distributed, marketed, and sold the Chipotle Rounded-Up Products to at least

11  hundreds of thousands of consumers throughout California.

12

13  ## JURISDICTION AND VENUE

14  8.    This Court has subject matter jurisdiction over the claims asserted in

15  this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332.

16  Plaintiff, a citizen of California, brings claims on behalf of a class of California

17  citizens against Chipotle, a citizen of Delaware and Colorado.

18  9.    This Court has jurisdiction over all causes of action asserted herein

19  pursuant to 28 U.S.C. § 1332(d) because the aggregate claims of Plaintiff and Class

20  members exceed the sum or value of $5,000,000, and diversity of citizenship exists

21  between at least one member of the proposed Class and Chipotle.

22  10.    This Court has personal jurisdiction over Chipotle because it maintains

23  sufficient contacts in this jurisdiction, including the advertising, marketing,

24  distribution and sale of the Chipotle Rounded-Up Products in the 198 stores that

25  Chipotle operates in California.

26  11.    Venue is proper in this district because a substantial part of the events,

27  misrepresentations, and omissions giving rise to the claims occurred in this district,

28  including the marketing and distribution of Chipotle Rounded-Up Products.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

## SUBSTANTIVE ALLEGATIONS

### The Chipotle Rounded-Up Products

12.     Chipotle operates restaurants throughout the United States. As of December 31, 2011, Chipotle operated 1,230 restaurants.  Chipotle restaurants serve a focused menu of burritos, tacos, burrito bowls (a burrito without the tortilla), and salads which can be mixed with chicken, steak, barbacoa, carnitas, or vegetables.

13.     On February 1, 2012, Chipotle issued a press release reporting its 2011 full-year earnings results. Chipotle reported net income of $214.9 million on revenue of $2.27 billion for the full year ended December 31, 2011.

### Chipotle's Undisclosed Rounding-Up Scheme

14.     The New Jersey Star-Ledger's Karen Price Mueller investigated Chipotle's rounding-up scheme and found that, in Chipotle's busiest markets, its cash registers round-up Class members' bills to the nearest nickel.  Karin Price Mueller, *Bamboozled: Chipotle receipts finally start making sense*, The Star-Ledger, Monday, August 27, 2012.

15.     Karin Price Mueller's investigation showed how one Chipotle customer was overcharged three times by purchasing a Chipotle Rounded-Up Product:

    a. On July 13, 2012, the Chipotle customer purchased nine items at a cost that added up to $32.93 plus $2.31 in tax.  Accordingly, the customer's total bill should have been $35.24, but the "total" line on the receipt stated the total as $35.25.

    b. The next receipt, with the same sale date, shows a subtotal of $8.64 plus $0.60 tax.  Thus, the customer's total bill should have been $9.24.  But, after Chipotle's up-charge, the customer's receipt states the total as $9.25.

    c. On July 17, 2012, the Chipotle customer purchased items with a

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

published total price of $17.75 plus $1.24 in tax. Accordingly, the customer's total should have been $18.99, instead the Chipotle customer was charged $19.00.

16.     In addition to Karin Price Mueller's report, the Huffington Post has reported that Chipotle locations around the country have been rounding-up many of Chipotle customers' bills for Chipotle's benefit.

17.     Significantly, Chipotle does not disclose its practice of rounding-up Class members' bills before the Class member's purchase of a Chipotle Rounded-Up Product.

18.     As confirmed by Karin Price Mueller's investigation, Chipotle does not post any disclosure of its overcharging practice anywhere in its restaurants.

**Chipotle Admits to its Round-Up Scheme**

19.     A spokesperson for Chipotle told the Star-Ledger that Chipotle employs the undisclosed rounding-up practice to curb long lines and create greater efficiency in its high-volume locations.  Chipotle admitted, "[t]he idea is simply to limit the possible combinations of change on cash transactions to keep the lines moving quickly in high volume areas," spokesman Chris Arnold tells the newspaper.  "It was never our intention to have a policy that was confusing or misleading," he told the Star-Ledger.

20.     Chipotle's justification for its rounding-up scheme is false, misleading, and intended to conceal the fraud and breaches of contract that it has perpetrated throughout the Class Period.

21.     First, rounding-up Class members' bills to the nearest nickel does not save time by eliminating the time spent counting pennies because Chipotle's cash registers automatically count the coin change.

22.     Second, hundreds of thousands of the Class members pay for the Chipotle Rounded-Up Products with credit or debit cards which simply require

CLASS ACTION COMPLAINT

swiping at the cash register regardless of the total amount of the bill.

23.     Third, the claim that rounding up Plaintiff's and Class members' bills to curb long lines is belied by Chipotle's own statements about the efficiency of its lines.

24.     An analyst asked during a Chipotle conference call in July 2012, "Are the peak hours approaching capacity issues that would somewhat limit the traffic growth going forward or transaction growth going forward?"

25.     Co-CEO Montgomery Moran denied this accusation, stating "Even in our busiest restaurants, we're not having a problem. . . getting people through the lines."

**Chipotle's Mislabeling and Sale of**
**the Rounded-Up Products Damaged Plaintiff and Class Members**

26.     During the Class Period, Chipotle sold the Chipotle Rounded-Up Products in stores located throughout California.

27.     Chipotle breached its contracts with Plaintiff and Class members by charging them more for the Chipotle Rounded-Up Products than the amount that Chipotle represented to Plaintiff and Class members that they would be required to pay in exchange for the Chipotle Rounded-Up Products.

28.     Chipotle damaged Plaintiff and Class members in the amount of such overcharge.

29.     Had Plaintiff and Class members known that Chipotle secretly rounded-up their bills to the nearest nickel, Plaintiff and Class members would not have paid the amount that Chipotle overcharged them.

30.     As a result of Chipotle's deceptive rounding-up scheme, Plaintiff and Class members suffered economic losses in the amount that Chipotle overcharged them.

31.     Accordingly, Plaintiff, and all Class members, were relieved of money

CLASS ACTION COMPLAINT

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

in the transactions alleged herein and such loss of money is directly traceable to Chipotle's rounding-up scheme.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and others similarly situated consisting of all persons in California who purchased a Chipotle Rounded-Up Product during the Class Period.

33.     Excluded from the Class are Chipotle and its officers, directors and employees; any entity in which Chipotle has a controlling interest; the affiliates, legal representatives, attorneys, heirs and assigns of Chipotle; any federal, state, or local government entity; and any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

34.     Questions of law and fact are common to all the Class members that predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of the litigation:

      a.  Whether Chipotle breached its contracts with Plaintiff and Class members by engaging in the wrongful conduct alleged herein;

      b.  Whether Chipotle violated California Business & Professions Code § 17200, et seq. and § 17500, et seq.;

      c.  Whether Chipotle's representations and conduct were likely to deceive a reasonable consumer with respect to the prices paid for the Chipotle Rounded-Up Product;

      d.  Whether Chipotle initiated a deceptive marketing campaign;

      e.  Whether, by its misconduct as set forth herein, Chipotle has engaged in unfair or unlawful business practices;

      f.  Whether, by its misconduct as set forth herein, Chipotle has engaged in

KIESEL BOUCHER LARSON LLP

Attorneys at Law

Beverly Hills, California

1  unfair, deceptive, untrue or misleading advertising;

2  g.  Whether the Class members have been injured by Chipotle's conduct;

3  h.  Whether as a result of Defendant's misconduct, Plaintiff and other
4      Class members are entitled to damages, restitution, equitable relief,
5      injunctive relief, or other relief, and the amount and nature of such
6      relief.

7  35.  The claims of Plaintiff are typical of the claims of the members of the
8  Class.  Plaintiff has no interests antagonistic to those of the Class, and Defendant has
9  no defenses unique to the Plaintiff.

10  36.  Plaintiff will protect the interests of the Class fairly and adequately, and
11  Plaintiff has retained attorneys experienced in complex class action litigation.

12  37.  A class action is superior to all other available methods for this
13  controversy because: i) the prosecution of separate actions by the Class members
14  would create a risk of adjudications with respect to individual Class members that
15  would, as a practical matter, be dispositive of the interests of the other members not
16  parties to the adjudications, or substantially impair or impede their ability to protect
17  their interests; ii) the prosecution of separate actions by the Class members would
18  create a risk of inconsistent or varying adjudications with respect to the individual
19  Class members, which would establish incompatible standards of conduct for
20  Defendant; iii) Defendant acted or refused to act on grounds generally applicable to
21  the Class; and iv) questions of law and fact common to the Class members
22  predominate over any questions affecting only individual members, and a class
23  action is superior to other available methods for the fair and efficient adjudication of
24  the controversy.

25  38.  Plaintiff does not anticipate any difficulty in the management of this
26  litigation.

27  39.  The nature of notice to the proposed Class is contemplated to be by direct mail
28  and/or email upon certification of the Class or, if such notice is not practicable, by the best notice

practicable under the circumstance including, *inter alia*, publication in major newspapers and on the internet.

## COUNT I

### (By Plaintiff, Individually and on Behalf of All Class members for Breach of Contract)

40.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

41.     Plaintiff and Class members contracted with Defendant for the purchase of the Chipotle Rounded-Up Products.

42.     Plaintiff and Class members performed under the contracts by paying the full purchase price for the Chipotle Rounded-Up Products.

43.     Chipotle breached the contracts with Plaintiff and Class members by overcharging Plaintiff and Class members for the Chipotle Rounded-Up Products.

44.     Defendant's breaches of the contracts with Plaintiff and Class members were material.

45.     Defendant caused damage to Plaintiff and Class members in the amount of the overcharge that Plaintiff and Class members paid to Chipotle.

## COUNT II

### (By Plaintiff, Individually and on Behalf of All Class members, for Violations of the California Consumers Legal Remedies Act , CAL. CIV. CODE §§ 1750 et seq.)

46.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

47.     Throughout the Class Period, the CLRA was in effect.  The CLRA prohibits "unfair or deceptive acts or practices."  Plaintiff bases this count on Defendant's misrepresentations and on Defendant's omissions of a material fact of which Defendant had exclusive knowledge and was obliged to disclose.

48.     The Chipotle Rounded-Up Products are "goods" under Cal. Civ. Code §

1761(a).

49.    Plaintiff and Class members are "consumers" under Cal. Civ. Code § 1761(d).

50.    The CLRA applies to Defendant's conduct because Defendant's conduct was intended to result, and did result, in the sale of goods for personal, family, or household use.

51.    The CLRA prohibits representing that goods have characteristics, ingredients, uses, benefits, or quantities which they do not have; representing that goods or services are of a particular standard, quality, or grade, if they are of another; and advertising goods with intent not to sell them as advertised.

52.    The CLRA also prohibits failing to disclose a material fact of which the Defendant has exclusive knowledge and is obliged to disclose.

53.    Plaintiff bases this count on Chipotle's misrepresentations and on Chipotle's omissions of a material fact of which Chipotle had exclusive knowledge and was obliged to disclose.

54.    Plaintiff and Class members relied on Defendant's misrepresentations.

55.    Had Plaintiff and Class members known that Chipotle was rounding-up the price of its products, Plaintiff and Class members would not have paid the amount that Chipotle overcharged them for the Chipotle Rounded-Up Products.

56.    As a result of Chipotle's misconduct, Plaintiff and Class members have suffered economic losses in the amount of rounding-up that they paid in exchange for the Chipotle Rounded-Up Products.

57.    The aforementioned violations of the California Civil Code by Chipotle were willful, oppressive and fraudulent.

58.    Accordingly, Plaintiff and Class members seek a permanent injunction requiring Chipotle to cease its rounding-up practice and to establish a fund to initiate a customer satisfaction campaign whereby Chipotle refunds all monies obtained through its rounding-up practice.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

## COUNT III

**(By Plaintiff, Individually and on Behalf of All Class members for Violations of the Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200 et seq.)**

59.    Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

60.    Defendant's practices as alleged in this Complaint constitute unlawful and unfair business acts and practices under the UCL, BUS. & PROF. CODE §§ 17200 et seq.

61.    The UCL prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent or deceptive business act or practice.

62.    Under the unlawful prong of the UCL, a violation of another law is treated as unfair competition that is independently actionable.

63.    Chipotle committed unlawful practices because it violated the CLRA.

64.    A business practice is "unfair" if it violates an established public policy or if it is immoral, unethical, oppressive, or unscrupulous and causes injury to consumers which outweighs its benefits; or if a reasonable consumer would be deceived by the labeling of the product.

65.    Chipotle committed "unfair" business acts and practices by overcharging Plaintiff and Class members for the Chipotle Rounded-Up Products, which is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and to other Class members.

66.    Furthermore, members of the California public were likely to be deceived by Chipotle's marketing of the Chipotle Rounded-Up Products because Chipotle did not disclose the fact that it was rounding-up the prices of its products.

67.    As a result of Chipotle's deceptive rounding-up of its products, Plaintiff and Class members have suffered economic losses in the amount of rounding-up that they paid in exchange for the Chipotle Rounded-Up Products.

68.    Plaintiff seeks, on behalf of himself and Class members, full restitution, as necessary and according to proof, to restore any and all monies acquired by

CLASS ACTION COMPLAINT

Chipotle from Plaintiff and Class members as a result of Chipotle's unlawful and unfair business practices as stated above, and a permanent injunction requiring Chipotle to cease its rounding-up practice.

## COUNT IV

**(By Plaintiff, Individually and on Behalf of All Class members for Violations of the False Advertising Law, CAL. BUS. & PROF. CODE § 17500)**

69.    Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

70.    California Business and Professions Code §17500 makes it unlawful for any corporation or association selling anything "of any nature whatsoever" to intentionally make any statement or omission, including over the Internet, in connection with the marketing or sale of such product which is untrue, misleading or deceptive.  Specifically, Cal. Bus. & Prof. Code §17500 prohibits a business from engaging in a scheme with the intent not to sell a product as so advertised.

71.     Chipotle engaged in deceptive advertising in California, because it knew that by failing disclose to Plaintiff and Class Members that it was rounding-up the price of its products, Chipotle was able to charge a price premium.

72.    As a result of Chipotle's misleading statements and omissions, reasonable consumers, including Plaintiff, were misled or likely to be misled into believing that they were paying only the purchase price and any taxes for the Chipotle Rounded-Up Product.

73.    Chipotle engaged in the aforementioned deceptive and misleading business practices to increase its profits.  As such, Chipotle's deceptive statements and omissions caused substantial injury to consumers, including Plaintiff and Class members.

74.    As a result of Chipotle's misconduct, Plaintiff and Class members have suffered economic losses in the amount of rounding-up that they paid in exchange for the Chipotle Rounded-Up Products.

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

75.     Plaintiff seeks, on behalf of himself and Class members, full restitution, as necessary and according to proof, to restore any and all monies acquired by Defendant from Plaintiff and Class members as a result of Defendant's false, misleading and deceptive advertising as stated above, and a permanent injunction requiring Chipotle to cease its rounding-up practice.

## COUNT V

**(Alternatively, By Plaintiff, Individually and on Behalf of All California Class members for Restitution / Unjust Enrichment Under California Law)**

76.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

77.     This Count is brought against Defendant pursuant to California's common law doctrine of unjust enrichment/restitution.

78.     Throughout the Class Period, Chipotle marketed and sold the Chipotle Rounded-Up Products without disclosing to Plaintiffs and the Class that Chipotle was rounding-up the price of its products.

79.     By failing to disclose to Plaintiff and Class Members that it was rounding-up the price of its products, Chipotle was able to charge a price premium.

80.     Plaintiff and other similarly situated Class members conferred upon Chipotle benefits that were non-gratuitous profits.

81.     Chipotle accepted or retained the benefits conferred by Plaintiff and other similarly situated Class members despite Chipotle's knowledge of its material misrepresentations and omissions of material fact.

82.     Retaining the benefits conferred upon Chipotle by Plaintiff and other similarly situated Class members is unjust and inequitable because, in light of the fact that Chipotle was not disclosing to Plaintiff and Class Members that it was rounding-up the price of its products, Chipotle was able to charge a price premium.

83.     Accordingly, in exchange for the benefit that Chipotle retained, Plaintiff and Class members received a product that was less than that which they paid.

CLASS ACTION COMPLAINT

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

84.     Because Chipotle's retention of the benefits conferred by Plaintiff and other similarly situated Class members is unjust and inequitable, Chipotle must pay restitution in a manner established by the Court.

## COUNT VI

### (Alternatively, by Plaintiff, Individually and on Behalf of All Class members for Breach of Implied Contract Under California Law)

85.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

86.     This Count is brought against Chipotle pursuant to California's common law doctrine of breach of implied contract.

87.     Throughout the Class Period, Chipotle marketed and sold the Chipotle Rounded-Up Products without disclosing to Plaintiff and the Class that Chipotle was rounding-up the price of its products.

88.     By failing to disclose to Plaintiff and Class Members that it was rounding-up the price of its products, Chipotle was able to charge a price premium.

89.     Plaintiff and other similarly situated Class members conferred upon Defendant benefits that were non-gratuitous and constitute profits.

90.     Defendant accepted or retained the benefits conferred by Plaintiff and other similarly situated Class members despite Defendant's knowledge of its material misrepresentations and omissions of material fact.

91.     Retaining the benefits conferred upon Defendant by Plaintiff and other similarly situated Class members under these circumstances make Defendant's retention of the benefits unjust and inequitable.

92.     Because Defendant's retention of the benefits conferred by Plaintiff and other similarly situated Class members is unjust and inequitable, Defendant must pay restitution in a manner established by the Court.

/ / /

/ / /

CLASS ACTION COMPLAINT

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

a. Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint the named Plaintiff as the Class representative, and appoint the undersigned as Class counsel;

b. Issue a permanent injunction or other appropriate equitable relief requiring Defendant to refrain from engaging in the deceptive practices alleged herein;

c. Order Defendant to pay Plaintiff and other Class members an amount of actual and statutory damages, and restitution in an amount to be determined at trial, and where allowed by law;

d. Issue an order granting Plaintiff's reasonable costs and attorneys' fees; and

e. Grant such other relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

DATED: August 30, 2012          KIESEL BOUCHER LARSON LLP


By: _____

Paul R. Kiesel, Esq.
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone:  (310) 854-4444
Facsimile:   (310) 854-0811

15                          CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

Paul O. Paradis, Esq.
Gina M. Tufaro, Esq.
Mark A. Butler, Esq.
HORWITZ, HORWITZ & PARADIS,
Attorneys at Law
570 7th Avenue, 20th Floor
New York, NY 10018
Telephone:   (212) 986-4500
Facsimile:   (212) 986-4501

Attorneys for Plaintiff ADAM OVERTON,
individually and on behalf of all others
similarly situated

16                    CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1430 MMM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:  Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
KIESEL BOUCHER LARSON LLP
8648 Wilshire Blvd., Beverly Hills, CA 90211
Tel.: (310) 854-4444; Fax: (310) 854-0812
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM OVERTON, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV12 - 1430 MMM (AGRx)**<br><br>**SUMMONS** |

TO:   DEFENDANT(S):   CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Paul R. Kiesel, Esq._____, whose address is _KIESEL BOUCHER LARSON, LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 3 1 2012__

By: ___**DODJIE LAGMAN**___

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Name & Address:  Paul R. Kiesel, Esq. (SBN 119854)
kiesel@kbla.com
KIESEL BOUCHER LARSON LLP
8648 Wilshire Blvd., Beverly Hills, CA 90211
Tel.: (310) 854-4444; Fax: (310) 854-0812
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM OVERTON, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation<br><br>DEFENDANT(S). | CASE NUMBER<br>**SACV12 - 1430 MMM (AGRx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):   CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Paul R. Kiesel, Esq._____, whose address is KIESEL BOUCHER LARSON, LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **AUG 3 1 2012**  _____

By: _____   **DODJIE LAGMAN**

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| ADAM OVERTON, individually and on behalf of all others similarly situated | CHIPOTLE MEXICAN GRILL, INC., a Delaware Corporation |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| KIESEL BOUCHER LARSON LLP<br>8648 Wilshire Blvd., Beverly Hills, CA 90211<br>Tel.: (310) 854-4444; Fax (310) 854-0812 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  
☐ 2 U.S. Government Defendant  
☐ 3 Federal Question (U.S. Government Not a Party)  
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract, Violations of Civ.Code §§1750, et seq., Bus.&Prof.Code §§17200, et seq.&§17500, Unjust Enrichment/Restitution, Breach of Implied-in-Law Contract

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☑ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV12 - 1430 MMM (AGRx)**

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and Colorado |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 30, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |